IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Manuel Esquivel, individually and as a representative of a class of similarly situated persons, on behalf of the WHATABURGER 401(k) SAVINGS PLAN (f/k/a the Whataburger Profit Sharing and 401(k) Savings Plan),<br><br>        Plaintiff,<br><br>      v.<br><br>WHATABURGER RESTAURANTS LLC; THE BOARD OF DIRECTORS OF WHATABURGER RESTAURANTS LLC[1]; THE WHATABURGER 401(K) SAVINGS PLAN ADMINISTRATIVE COMMITTEE (f/k/a the Whataburger Profit Sharing and 401(k) Savings Plan Administrative Committee); and DOES No. 1–20, Whose Names Are Currently Unknown,<br><br>        Defendants. | Case No. 5:24-cv-310-XR |

**JOINT FED. R. CIV. P. 26 REPORT**

In accordance with the Court's order dated May 13, 2024 (ECF No. 19), Plaintiff Manuel Esquivel and Defendants Whataburger Restaurants LLC, et al. ("Defendants" or "Whataburger") (collectively "the Parties") submit the following Joint Report:

**1.     Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

RESPONSE:

**Defendants' Position**: Plaintiff lacks standing to pursue his claims alleged in the Complaint because he signed a release and covenant not to sue that encompasses such claims. As a result, the Court lacks subject matter jurisdiction. *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). Defendants intend to raise these jurisdictional issues in their responsive pleading.

---
[1] Defendants state that this entity does not exist.

**Plaintiff's Position**: Plaintiff does not lack standing to the claims he alleges in his Complaint. Although Plaintiff has not been provided with a copy of the executed release that Defendants intend to rely on in seeking dismissal of his claims, courts regularly reject arguments that claims brought on behalf of a plan, such as the Whataburger 401k plan here, can be released in the manner claimed by Defendants.  *See In re Schering Plough Corp. ERISA Litigation, 589 F.3d 585, 594-95 (3d Cir. 2009)*; *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 161 (S.D.N.Y. 2017) (citing cases).

**2.     Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

RESPONSE: No named parties are unserved. Plaintiff is unaware of the identities of John Does 1-20 and intends to serve them electronically through Whataburger's counsel of record should their identities be revealed in the future (or otherwise properly serve them should they not be represented by Whataburger's counsel).

**3.     What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**Plaintiff's Position**: Plaintiff brings this action individually and on behalf of the Whataburger 401(k) Savings Plan f/k/a the Whataburger Profit Sharing and 401(k) Savings Plan ("Plan") under ERISA § 502, 29 U.S.C. § 1132, against Defendants alleging breaches of fiduciary duties under ERISA and related violations of applicable law.  In particular, Plaintiff asserts that Defendants were fiduciaries to the Plan under ERISA and breached certain of their fiduciary duties by, *inter alia*: maintaining certain unsuitable investment alternatives in the Plan, despite excessive cost, risk, and underperformance, among other indicia of imprudence.  To remedy these fiduciary breaches and other violations of ERISA, Plaintiff seeks to recover all losses suffered by the Plan resulting from each breach of fiduciary duty and/or related violation of applicable law.  In addition, Plaintiff seeks such other equitable or remedial relief for the Plan as the Court may deem appropriate and just under all the circumstances.  Plaintiff has asserted three claims: Count I – Breach of Fiduciary Duty (against all Defendants); Count II – Failing to Monitor Fiduciaries and Co-Fiduciary Breaches (against Whataburger and the Board); and Count III – Alternatively, Liability for Knowing Breach of Trust (against all Defendants).

**Defendant's Position**: This is a putative class action under ERISA.  Plaintiff's claims will first fail because, as noted above, he does not have standing to pursue them because he signed a release and covenant not to sue that encompasses the claims as pled.  Moreover, Defendants deny Plaintiff's allegations that they breached any duties under ERISA, and assert that Plaintiff's Complaint fails to state a plausible fiduciary-breach claim (Count I) or derivative failure-to-monitor (Count II) and knowing-breach-of-trust (Count III) claims. The Complaint offers no allegations about the Plan fiduciaries' process. Instead, it seeks to create an inference of imprudence by alleging that two of the twenty-two funds in the Plan over six-plus years occasionally underperformed a handful of inapt comparators by modest amounts. These are the same claims that the Sixth, Seventh, Eighth, Ninth and Tenth Circuits have rejected under Rule

12(b)(6). Plaintiff's allegations here do not state a claim for the same reasons and should be dismissed, as Defendants will further explain in their forthcoming Motion to Dismiss.

Beyond the pleadings, the evidence will show, among other things, that the Plan's fiduciaries employed a prudent process in selecting and monitoring the Plan's investment options, and that Plaintiff (and the Plan) suffered no losses due to Whataburger's alleged imprudence.

**4.     Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

RESPONSE: The parties are not prepared to stipulate to any facts at this stage. The parties will continue to discuss stipulations as appropriate if discovery progresses.

**5.     State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

RESPONSE:

**(A)** what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

**Defendant's Position**: For the reasons stated below, Defendants; believe that the deadline for exchanging initial disclosure should be stayed pending a decision on Defendant's forthcoming motion to dismiss.

**Plaintiff's Position**: Plaintiff believes that initial disclosures should be exchanged within 21 days of the filing of this Joint Report.

**(B)** the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

**Defendant's Position**: Defendants believe that fact and expert discovery will be expensive and time consuming in this matter. *See, e.g., Pension Ben. Guar. Corp. ex rel. St Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.,* 712 F.3d 705, 719 (2nd Cir. 2013) (recognizing "the prospect of discovery in a suit claiming breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests about its method and knowledge at the relevant times").  As such, the Defendants believe that discovery should be stayed pending this Court's ruling on Whataburger's forthcoming Motion to Dismiss so as to save the resources of both the Parties and the Court.  Should any part of Plaintiff's claims survive, the Parties should at that time set forth a proposed discovery schedule.

During the Parties' meet and confer, Plaintiff stated that he would also agree that discovery should be stayed during the pendency of the motion to dismiss if Defendants would produce certain "core" documents to Plaintiff, most of which are included in the categories Plaintiff lists below (e.g., Plan documents, fee disclosures, Committee meeting minutes and materials). Defendants agreed to produce those materials if Plaintiff also agreed not to use those materials to then seek to amend the Complaint. Plaintiff refused. Plaintiff's refusal confirms that he is merely going on an improper fishing expedition hoping to save his deficient Complaint.

3

Notably, the sort of agreement that Defendants proposed is precisely the same as the one that the parties struck in a similar ERISA fiduciary breach matter pending before this Court, *Drust v. Southwest Research Institute, et al*., case, No, 5:23-cv-00767. And in *Drust*, Your Honor noted at the motion to dismiss hearing on December 20, 2023 that all remaining discovery should be stayed pending a ruling on the motion. *Id*. at Dkt. 38, Defendants believe the same outcome is warranted here.

If any part of Plaintiff's claims survive, Whataburger anticipates taking discovery about Plaintiff's employment and participation in the Plan, the claims and damages asserted, and Plaintiff's ability to satisfy the requirements of Rule 23.

**Plaintiff's Position**: Plaintiff does not believe that a stay of discovery pending the Court's ruling on the Motion to Dismiss is appropriate. Plaintiff's well-plead Complaint easily satisfies the pleading standards for breach of fiduciary duty claims in this Circuit (and elsewhere). *See Laliberte v. Quanta Servs., Inc.*, 4:22-cv-03290, Doc. 53 (S.D. Tex. Sept. 29, 2023); *Blackmon v. Zachary Holdings, Inc.*, 2021 WL 2190907, at *3 (W.D. Tex. Apr. 22, 2021). Plaintiff anticipates taking discovery on (1) chartering documents (Including any amendments) of the committee and committee minutes and materials, prepared, distributed, or reviewed in connection with meetings; (2) Plan documents and amendments; (3) fee disclosures; (4) the Plan's investment policy statement(s); (5) the Plan's service provider agreements; (6) plan participant information; (7) information pertaining to applicable insurance agreements; (8) communications with plan participants; (9) the costs, expenses and performance of the Plan's investment options; (10) monitoring activities; and (11) damages.

As noted in Defendant's Position above, Plaintiff's counsel did say that they would agree to stay discovery if core documents were produced. Plaintiff's counsel, however, will not agree to Defendants' condition that any discovery not be used to amend the Complaint. Plaintiff's counsel cannot agree to forego the use of potentially relevant facts that they are made aware of in connection with any potential future amendment. Plaintiff's position is by no means an indication of any concern regarding the sufficiency of his pleading. If anything, Defendants' position reflects their concern that discovery will corroborate Plaintiff's well-plead claims.

**(C)** <u>any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced</u>:

To the extent discovery is necessary, the parties anticipate negotiating a mutually agreeable format for the production of documents.

**(D)** <u>any issues about claims of privilege or of protection as trial-preparation materials, including— if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502</u>:

The parties have not identified any specific issues related to privilege.

**(E)** <u>what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed</u>:

The parties do not request any changes at this time.

**(F)** <u>any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)</u>:

To the extent discovery is necessary, the parties anticipate negotiating a protective order and will request that the Court enter the order pursuant to Rule 26(c). The Parties do not request a pretrial conference at this time.

**6.     What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

<u>RESPONSE:</u> No discovery has been completed to date. As explained above, the Parties disagree as to whether all discovery should be stayed pending a ruling on Whataburger's forthcoming motion to dismiss.  As noted, Defendants offered to produce all the "core" documents that Plaintiff requested at this time but Plaintiff would not agree not to use those materials to amend the complaint. While Defendants still remain willing to make such production on that condition (i.e., Plaintiff will not use the documents to amend the Complaint), the Parties have otherwise reached an impasse on this issue. As such, Defendants believe all discovery should be stayed pending the outcome of its forthcoming motion to dismiss.

**<u>Plaintiff's Position</u>**: Plaintiff proposes the following discovery schedule:

November 1, 2024 – Complaint Amendment Deadline
December 1, 2024 – Motion for Class Certification Filing Deadline
February 28, 2025 – Fact Discovery Deadline
March 31, 2025 – Affirmative Expert Report Deadline
April 28, 2025 – Responsive Expert Report Deadline
May 30, 2025 –Expert Discovery Deadline

**7.     What, if any, discovery disputes exist?**

<u>RESPONSE:</u> See above.

**8.     Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

<u>RESPONSE</u>: N/A

**9.     Have the parties discussed mediation?**

<u>RESPONSE:</u> The parties have not agreed to mediation at this time and believe it would be premature prior to a ruling on Whataburger's forthcoming motion to dismiss.

5

Dated: June 12, 2024                              Respectfully submitted,

                                                                By:   /s/ *John S. "Jack" Edwards, Jr.*
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
Thomas R. Jamie
Texas Bar No. 00952400
Eric Chenoweth
Texas Bar No. 24006989
JAMIE LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
jedwards@ajamie.com
tajamie@ajamie.com
echenoweth@ajamie.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
       lrubinow@millershah.com

6

James C. Shah
Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
       ajberin@millershah.com

Don Bivens
DON BIVENS PLLC
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone: (602) 708-1450
Email: don@donbivens.com

*Counsel for Plaintiff and the proposed Class*

Dated: June 12, 2024

By: */s/ Lauren A. Valkenaar*
Lauren A. Valkenaar
Texas Bar No. 24088570
VALKENAAR PLLC
7898 Broadway, Suite 120
San Antonio, Texas 78209
Telephone: +1.210.633.6906
Facsimile: +1.210.634.2566
lvalkenaar@valkenaarlaw.com


*/s/ Jeremy P. Blumenfeld*

Jeremy P. Blumenfeld (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone: +1.215.963.5000
Facsimile:  +1.215.963.5001
jeremy.blumenfeld@morganlewis.com

*/s/ Keri L. Engelman*

Keri L. Engelman, (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA  02110-1726
Telephone: +1.617.341.7700
Facsimile:  +1.617.341.7701
keri.engelman@morganlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF/CM e-filing system to all counsel of record who are deemed to have consented to electronic service on this 12th day of June 2024.

/s/ Lauren A. Valkenaar