Generated: Jan 15, 2025 1:31PM                                                              Page 1/1

# U.S. District Court

## Texas Western - San Antonio

Receipt Date: Jan 15, 2025 1:31PM

MILLER SHAH LLP
65 MAIN ST.
CHESTER , CT 06412

Rcpt. No: 6720              Trans. Date: Jan 15, 2025 1:31PM              Cashier ID: #DG

| CD  | Purpose                        | Case/Party/Defendant | Qty | Price  | Amt    |
|-----|--------------------------------|----------------------|-----|--------|--------|
| 203 | Notice of Appeal/Docketing Fee |                      | 1   | 605.00 | 605.00 |

| CD | Tender |        |           | Amt      |
|----|--------|--------|-----------|----------|
| CH | Check  | #03085 | 01/9/2025 | $605.00  |

|                              |         |
|------------------------------|---------|
| Total Due Prior to Payment:  | $605.00 |
| Total Tendered:              | $605.00 |
| Total Cash Received:         | $0.00   |
| Cash Change Amount:          | $0.00   |

**Comments**: 5:24-CV-310. MANUEL ESQUIVEL, ET AL. V. WHATABURGER RESTAURANT LLC, ET AL. USCA #24-50976.

Clerk, US District Court - San Antonio Division - 262 W Nueva, Ste 1-400, San Antonio, TX 78207 (210) 472-6550 - www.txwd.uscourts.gov



**MILLERSHAH**
ATTORNEYS AT LAW

Telephone: (866) 540-5505
Facsimile: (866) 300-7367
www.millershah.com

**ALEC J. BERIN**
*ajberin@millershah.com*

January 9, 2025

**Via Overnight Mail**
U.S. District Clerk's Office
262 West Nueva Street, Room 1-400
San Antonio, Texas 78207

      Re:   ***Manuel Esquivel, et al. v. Whataburger 401(k) Savings Plan***
             **Case No: 5:24-cv-310**

Dear Sir/Madam

On behalf of the Plaintiff, I am enclosing a check payable to the Clerk, U.S. District Court in the amount of $605.00 representing payment of the filing fee for the Notice of Appeal which was filed on December 9, 2024 [Dkt. No. 33].

Thank you for your assistance in this matter.

Very truly yours,

Alec J. Berin

AJB/sm
Enclosure

# United States Court of Appeals
## FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 08, 2025

Mr. John Saul Edwards Jr.
Ajamie, L.L.P.
711 Louisiana Street
Pennzoil Place S. Tower
Suite 2150
Houston, TX 77002

No. 24-50976    Esquivel v. Whataburger
                USDC No. 5:24-CV-310

Dear Mr. Edwards,

You must pay to the **district court clerk** the $605.00 court of appeals filing and docketing fee and notify us of the payment within 15 days from the date of this letter. Failure to pay the fee within 15 days will result in the dismissal of your appeal, see 5th Cir. R. 42.3.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see Fed. R. App. P. 12(b) and 5th Cir. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-

feature-of-cm. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION: If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems. Details explaining how you can request this are available on the Fifth Circuit website at http://www.ca5.uscourts.gov/docs/default-source/default-document-library/pro-se-filer-instructions. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Case 2:30-cv-03031-DXB   Document 3   Page: 3   Date Filed: 01/08/2025   Page 5 of 7

Sincerely,

LYLE W. CAYCE, Clerk

By: *Lisa E. Ferrara*
Lisa E. Ferrara, Deputy Clerk
504-310-7675

cc:
    Mr. Dylan Fedderman

Provided below is the court's official caption. Please review the parties listed and advise the court immediately of any discrepancies. If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

---

Case No. 24-50976

---

Manuel Esquivel, Individually and as a representative of a class of similarly situated person, on behalf of the WHATABURGER 401(K) SAVINGS PLAN formerly known as the Whataburger Profit Sharing and 401(k) Savings Plan,

    Plaintiff - Appellant

v.

Whataburger Restaurants, L.L.C.; The Board of Directors of Whataburger Restaurants, L.L.C.; The Whataburger 401(K) Savings Plan Administrative Committee, formerly known as The Whataburger Profit Sharing and 401(k) Savings Plan Administrative Committee; DOES No.1-20, Whose Names Are Currently Unknown,

    Defendants - Appellees



After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.